UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

CHRISTOPHER RIDDLE #1,          )
ANGELITO C. MERCADO #2,     )
                             )
          Plaintiffs,       )
                             )
          v.              )      No. 1:17-cv-03710-TWP-MJD
                             )
BARTHOLOMEW COUNTY,       )
MATT MYERS Sheriff,          )
MARTOCIA Major,             )
WEAVER Sgt.,                )
STILLABOWER Lt.,           )
REED Sgt.,                 )
HOLDREITH Officer,         )
OFFICER BUTLER Officer,     )
FIPPEN Officer,             )
TOOLEY Officer,            )
GREENLY Officer,           )
MOORE Officer,             )
CLAYBURN Officer,         )
SEARLES Officer,          )
FOSTER Officer,           )
BOOTH Officer,            )
CROUCH Sgt.,               )
                             )
          Defendants.     )

### Entry Screening Complaint, and Directing Further Proceedings

In the Entry dated October 30, 2017, the Court gave the Plaintiffs through December 1, 2017 in which to either withdraw their complaint or pay the filing fee. Plaintiff Angelito C. Mercado filed a motion to withdraw as plaintiff in this action and his motion, dkt. [9], is **granted**. The **clerk is directed** to remove Angelito C. Mercado as a plaintiff in this action.

### I. Screening Standard

The remaining plaintiff, Christopher Riddle ("Riddle"), is a prisoner currently incarcerated at Bartholomew County Jail. Because Riddle is a "prisoner" as defined by 28 U.S.C. § 1915(h),

this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. The Complaint

Riddle alleges that Sheriff Matt Myers violated the civil rights of male African American jail inmates when he removed access to commissary, television, coffee and ice from male inmates who violated jail rules and policies, but did not enforce the same restrictions on female inmates who violated the same jail rules and policies. Related to these allegations, Riddle claims that Matt Myers acted with deliberate indifference when he treated him differently than female inmates and as if he were unimportant. Riddle further alleges that Bartholomew County engages in an unconstitutional policy or practice by allowing this discrimination against him to continue for the past several months. He also alleges that numerous officers participated in, assisted, or failed to intervene to stop the alleged discrimination.

Riddle raises a separate claim that Major Jon Martocia and Lt. Stillabower violated his right to due process when they, through their administration of the jail disciplinary process, deprived him of his liberty without providing him with a jail rule handbook. He seeks money damages and an injunction requiring the jail to discipline male and female inmates similarly.

### III. Discussion of Claims

Riddle's gender-based equal protection policy and practice claim against Sheriff Matt Myers **shall proceed**. The identical claim against Bartholomew County **is dismissed** because the plaintiff does not allege any facts to support the conclusion that Bartholomew County participated in the Sheriff's policy decision.

Riddle has alleged insufficient facts to support an equal protection claim on the basis of race. He does not allege any disparate treatment on the basis of race among male inmates or among female inmates. Allegations that Riddle was treated as if he were unimportant are insufficient to raise a constitutional deliberate indifference claim. Riddle's claims against all other defendants **are dismissed** because he did not allege sufficient facts to support a claim that they each personally participated in the alleged discrimination. He instead only offers a conclusory allegation that they did.

As for Riddle's second claim related to the disciplinary process, to the extent that he alleges he was denied due process in his attempts to grieve or otherwise pursue his administrative remedies, this claim is also **denied.** The Seventh Circuit has "specifically denounc[ed] a Fourteenth Amendment substantive due-process right to an inmate grievance procedure." *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). As explained in *Antonelli v. Sheahan,* 81 F.3d 1422, 1430-31 (7th Cir. 1996), "any right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a

liberty interest protected by the Due Process Clause." *Id.* at 1430-31(internal citations omitted). Because Riddle had no expectation of a particular outcome of his grievances or complaints there is no viable claim which can be vindicated through § 1983. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under § 1983).

On the other hand, Riddle seeks restoration of earned credit time through his Fifth Amendment loss of liberty without due process claim against Jon Martocia, such a claim must be brought as a habeas petition. *Heck v. Humphrey,* 512 U.S. 477 (1994); *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2007).

Given these circumstances, Riddle's equal protection policy and practice claim against Sheriff Matt Myers, based upon the alleged disparity of punishment between male and female inmates in the Bartholomew County Jail **shall proceed**. This summary of remaining claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court he shall have **through December 29, 2017,** in which to identify those claims. The **clerk is directed** to remove all other defendants from the docket.

## IV. Duty to Update Address

Riddle, a pro se plaintiff, should report any change of address within ten (10) days of any change. The Court must be able to locate him to communicate with him. If Riddle fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

## V. Service of Process

The clerk is **designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Sheriff Matt Myers and Bartholomew County in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the complaint (docket 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date:   11/29/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CHRISTOPHER RIDDLE
Bartholomew County Jail
543 2nd Street
Columbus, IN 47201

SHERIFF MATT MYERS
543 2nd Street
Columbus, IN 47201